## WAMPLER, Plaintiff-Appellant v. STALEY, Defendant-Appellee.

Ohio Appeals, Second District, Darke County.

No. 625.   Decided April 24, 1944.

Wilbur D. Spidel, Greenville, for plaintiff-appellant.
Murphy & Staley, Greenville, for defendant-appellee.

## OPINION

By GEIGER, J.

This matter is before this court on appeal from the judgment of the court of Common Pleas of Darke County, entered on the 30th day of November, 1943, whereby plaintiff's petition herein was dismissed and judgment was rendered in favor of defendant herein, and motion for new trial overruled.

The appeal is on questions of law and fact. It will at once appear upon consideration of the issues that the appeal should be upon questions of law. A Bill of Exceptions has been filed embodying the testimony taken in the case and this Court will consider it as appeal on questions of law.

The petition in the court below recites that Hugh A. Staley is the executor of the estate of Rebecca Hickle, deceased; that the estate is indebted to the plaintiff in the sum of $1275.00 for items of household services therein enumerated at length. It is alleged that said services were rendered under an agreement that plaintiff should be paid the reasonable value of said services out of the estate of the decedent at her death, and the reasonable worth of said services are set forth in the itemized statement, the first item being in the sum of $215.00 for services rendered from August 1, 1936, to December 28, 1936.

It is asserted that the claim is past due, and that the plaintiff is entitled to the amount set forth, for which he prays judgment.

To this petition the executor filed an amended answer, the first defense admitting his appointment, and that the claims were presented and rejected. The rest of the first defense is a general denial.

For a second defense, it is alleged that plaintiff was a nephew of said decedent, Rebecca Hickle, being one of her next

of kin; that during all times for which plaintiff claims pay, the decedent provided the house and paid all the food and domestic expenses, and that the plaintiff contributed to the family relationship by attempting to perform certain labor, and that by reason thereof the defendant is not indebted to the plaintiff.

For a third defense, it is alleged that a portion of said services are alleged to have been performed more than six years prior to the filing of said claim, and that by reason thereof, said services alleged to have been so performed are barred by the statute of limitations.

A verdict in favor of the defendant signed by twelve jurors was filed on September 9, 1943. In addition to the general verdict, two special interrogatories were affirmatively answered by the jurors. Interrogatory No. 1 was:

"Do you find that the plaintiff, Joseph K. Wampler was a near relative of the defendant's decedent, Rebecca Hickle?"

This was answered in the affirmative. Special Interrogatory No. 2 was addressed to the question:

"Do you find that during the time set out in the petition, the plaintiff and the defendant's decedent occupied the residence property owned by Rebecca Hickle, and that said Rebecca Hickle provided the house and furnished the food and household expenses, and that in consideration for this arrangement, the plaintiff performed certain household tasks in connection with the home thus made?"

This interrogatory was answered in the affirmative.

A motion for a new trial was filed within time, which came on to be heard and was by the court overruled, and the court thereupon decreed that the prayer of the petition be denied and the petition dismissed, to which action exceptions were taken. Notice of intention to appeal was filed within proper time. A Bill of Exceptions is presented embodying all the evidence even though the notice of appeal recites that the appeal was upon question of law and fact.

The plaintiff assigned errors wherein he claimed that the judgment rendered is erroneous for eleven different specific reasons which are the usual ones and which need not be set out.

We have carefully read the Bill of Exceptions and considered all the alleged errors asserted by the plaintiff-appellant, including the action of the court in giving or refusing to give the requested instructions.

This case is typical of those in which there is contradictory evidence and of course, in such case a reviewing court will not reverse unless the judgment of the court below is manifestly contrary to the evidence, which is not so in this .case.

We have examined the general charge of the court, as well as the special charges and detect no error therein prejudicial to the appellant. Upon the consideration of the whole record, we are of the opinion that there is no prejudicial error shown in the proceedings in this case and the judgment of the court below will be affirmed.

All assignments of error are overruled.

BARNES, PJ. and HORNBECK, J., concur.